UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DEBORAH DEBSKI O/B/O "N.M.M.",
  an infant,

                              Plaintiff,

               v.

NANCY A. BERRYHILL,[1] Commissioner of
  Social Security,

                              Defendant.
_____

**DECISION
and
ORDER**

**17-CV-0690F**
(**consent**)

APPEARANCES:          LAW OFFICES OF KENNETH R. HILLER, PLLC
                        KENNETH R. HILLER, and
                        MARY ELLEN GILL, of Counsel
                        Attorneys for Plaintiff
                        6000 North Bailey Avenue
                        Suite 1A
                        Amherst, New York 14226

                        JAMES P. KENNEDY, JR.
                        UNITED STATES ATTORNEY
                        Attorney for Defendant
                        Federal Centre
                        138 Delaware Avenue
                        Buffalo, New York 14202
                               and
                        FERGUS JOHN KAISER and
                        HEETANO SHAMSOONDAR
                        Special Assistant United States Attorneys, of Counsel
                        Social Security Administration
                        Office of General Counsel
                        26 Federal Plaza – Room 3904
                        New York, New York 10278
                               and

---

[1] Nancy A. Berryhill became Acting Commissioner of the Social Security Administration on January 23, 2017. Pursuant to Fed.R.Civ.P. 25(d), Berryhill is substituted for Carolyn W. Colvin as Defendant in this case. No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

MEGHAN JANE McEVOY and
DENNIS J. CANNING
Special Assistant United States Attorneys, of Counsel
Social Security Administration
Office of General Counsel
601 East 12th Street
Room 965
Kansas City, Missouri  64106

## JURISDICTION

On June 19, 2018, the parties to this action, consented pursuant to 28 U.S.C. § 636(c) to proceed before the undersigned.  (Dkt. 17).  The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on December 29, 2017 (Dkt. 8), and by Defendant on April 26, 2018 (Dkt. 14).

## BACKGROUND

Plaintiff Deborah Debski ("Plaintiff" or "Debski"), on behalf of her minor grandson ("N.M.M."), brings this action under the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of the Commissioner of Social Security's final decision denying an application for Supplemental Security Income under Title XVI of the Act ("SSI" or "disability benefits"), filed on N.M.M.'s behalf by Debski, his grandmother and legal guardian, on December 13, 2013, alleging N.M.M became disabled on January 1, 2010, based on a mood disorder, attention deficit/hyperactivity disorder ("ADHD"), and oppositional defiant disorder ("ODD").  AR[2] at 136-41, 226-33.  The application was denied on March 14, 2014, AR at 64-77, and at Plaintiff's timely request, on May 13,

---

[2] References to "AR" are to the page of the Administrative Record electronically filed by Defendant on August 21, 2017 (Dkt. 7).

2016, a hearing was held in Buffalo, New York, by video before administrative law judge Eric L. Glazer ("the ALJ"), located in Kansas City, Missouri.  AR at 29-63.  Appearing and testifying at the hearing were Plaintiff, and N.M.M., with legal counsel Kelly Laga-Shandra, Esq ("Laga-Shandra").

On June 16, 2016, the ALJ issued a decision denying Plaintiff's claim, AR at 7-28 ("the ALJ's decision"), which Plaintiff appealed to the Appeals Council, with Laga-Shandra appointed to represent Plaintiff on his administrative appeal.  AR at 79-80.  On May 24, 2017, the Appeals Council issued a decision denying Plaintiff's request for review, rendering the ALJ's decision the Commissioner's final decision.  AR at 1-6.  On July 24, 2017, Plaintiff commenced the instant action seeking judicial review of the ALJ's decision.

On December 29, 2017, Plaintiff filed a motion for judgment on the pleadings (Dkt. 8) ("Plaintiffs' Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 8-1) ("Plaintiff's Memorandum").  On April 26, 2018, Defendant filed a motion for judgment on the pleadings (Dkt. 14) ("Defendant's Motion"), attaching the Commissioner's Brief in Support of the Commissioner's Motion for Judgment on the Pleadings and in Response to Plaintiff's Brief Pursuant to the Local Standing Order on Social Security Cases (Dkt. 14-1) ("Defendant's Memorandum").  In further support of Plaintiff's Motion, Plaintiff filed on May 17, 2018, Plaintiff's Reply to Commissioner's Memorandum in Support (Dkt. 15) ("Plaintiff's Reply").  Oral argument was deemed unnecessary.

Based on the following, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.

**<u>FACTS</u>**[3]

N.M.M., a minor, was born June 24, 1998, and was 17 years old as of the May 13, 2016 administrative hearing. N.M.M. has a history of disciplinary incidents including physical aggression, verbal abuse, truancy, and possible substance abuse, for which N.M.M. received counseling from Child and Adolescent Treatment Services ("CATS") from March 15, 2011 through July 11, 2014. AR at 256-444. After running away from home in July 2013, N.M.M. was placed by CATS in Gateway-Longview residential facility and N.M.M.'s mother petitioned to have N.M.M. found to be a person in need of supervision ("PINS") under Art. 7 of N.Y. Family Court Act. AR at 398, 405. In July, 2013, following his release from Gateway-Longview, N.M.M. moved in with his paternal grandmother, Plaintiff Deborah Debski. AR at 403. The PINS petition was discontinued after a September 27, 2013 Family Court appearance when Debski was granted legal guardianship of N.M.M and his parents moved out of the area. AR at 398, 403, 405.

Prior to moving in with Debski, N.M.M. was hospitalized twice for psychiatric conditions, including in 2012 while living in Arizona, [4] and at the Erie County Medical Center ("ECMC"), on June 11, 2013. AR at 222-27, 387, 403, 405. On March 13, 2014, N.M.M. fought with Debski, following which N.M.M. punched a wall, sustaining a fracture to his right fifth metacarpal which required surgery. AR as 239-45, 419. N.M.M. has been prescribed various antipsychotic and antianxiety medications, including Seroquel and Hydroxyzine, which helped with his anxiety, but which N.M.M. sometimes discontinued on his own initiative. AR at 429-30, 440. N.M.M. attended regular classes

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those facts necessary for determining the pending motions for judgment on the pleadings.
[4] The precise date of this hospitalization is not in the record.

in school pursuant to a Section 504 Accommodation Plan ("§ 504 Plan"), based on diagnoses of mood disorder and oppositional defiant disorder ("ODD"). As of April 29, 2016, N.M.M. had accumulated during his senior year of high school 17 excused absences, 15 excused tardies, four excused dismissals, 27 unexcused absences, 72 unexcused tardies, and two unexcused dismissals. AR 213.

## DISCUSSION

**1.    Disability Determination Under the Social Security Act**

The Commissioner's determination that N.M.M. is not disabled must be affirmed if it is supported by substantial evidence in the record, and provided the ALJ applied the correct legal standards. 42 U;S;C; § 405(b); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002). An individual under the age of 18 is disabled and eligible for benefits when he has a medically determinable physical or mental impairment resulting in marked and severe functional limitations expected to or lasting for at least 12 months. 42 U.S.C. § 1382c(a)(3)(C)(i). A three-step sequential analysis is used to determine whether a child is disabled under the Act. Similar to the disability requirements for adults, a child is entitled to disability insurance benefits when the child (1) has not engaged in substantial gainful activity, (2) provides substantial evidence establishing he has an impairment or combination of impairments that is "severe" within the meaning of the Act, *i.e.*, causes more than a minimal functional limitation in accordance with 20 C.F.R. § 416.924(c), and (3) provides substantial evidence establishing such severe impairment meets or medically equals the criteria of a listing set forth under the Listing of Impairments, 20 C.F.R. Pt. 404, Subpt. P, Appx. 1 ("the Listings"). 20 C.F.R. § 416.924. In making the

determination at the third step, the ALJ must assess the child's limitations in six domains of functioning, including: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for himself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). Medically determinable impairments resulting in "marked" limitations in two or more domains of functioning, or in an "extreme" limitation in at least one domain of functioning, will be found to equal a listed impairment. 20 C.F.R. § 416.926a(d). As relevant to the instant case, a limitation is considered "marked" if it is more than moderate but less than extreme, and seriously interferes with the claimant's ability to independently initiate, sustain, or complete activities, 20 C.F.R. § 416.926a(e)(2)(i), and "extreme" if it "very seriously" interferes with the claimant's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(3)(i). Although "extreme" limitation is the rating given to the worst limitations, it "does not necessarily mean a total lack or loss of ability to function." *Id.*

## 2.     The ALJ's Decision

The ALJ determined that N.M.M. has not engaged in substantial gainful activity since the disability benefits application was filed on December 13, 2013, AR at 13, has the severe impairments of a mood disorder, ADHD, and ODD, *id.*, and that N.M.M.'s impairments, neither individually nor in combination, do not meet or medically equal any impairment in the Listings, finding with regard to the six domains of functioning, N.M.M. has a marked limitation in only one domain, *i.e.*, interacting and relating with others, but a less than marked limitation in the remaining five domains. *Id.* Plaintiff does not challenge the ALJ's determination at the first two steps, but maintains at the third step,

the ALJ's conclusions that N.M.M. has a less than marked limitation in the domains of attending and completing tasks, and in caring for himself are not supported by substantial evidence. Plaintiff's Memorandum at 8-11. Defendant maintains the ALJ properly evaluated the evidence and explained his reasons in concluding that N.M.M. is not markedly limited as to the domains of attending and completing tasks, and caring for himself. Defendant's Memorandum at 18-23. In reply, Plaintiff maintains the ALJ's summary of the evidence, which was conducted before discussing the various domains, does not adequately explain how the evidence was considered with regard to each domain as required. Plaintiff's Reply at 1-3. The court's discussion is limited to the arguments advanced by Plaintiff, *i.e.*, whether the ALJ properly determined N.M.M. has a less than marked limitation in the functioning domains of attending and completing tasks, and caring for himself.

### A. Attending and Completing Tasks

The domain of functioning of attending and completing tasks refers to how well a claimant is able to focus and maintain attention, and begin, carry through and finish activities, including the pace at which the claimant performs the activities and ease with which the claimant changes activities. 20 C.F.R. § 416.926a(h); SSR 09-4p, 2009 WL 396033 (Feb. 18, 2009). By high school, a student like N.M.M. is expected to be able to "pay attention to increasingly longer presentations and discussions, maintain [ ] concentration while reading textbooks, and independently plan and complete long-range academic projects," 20 C.F.R. § 416.926a(2)(v); SSR 09-49, organize materials and play time to complete school tasks and assignments, maintain attention on a task for

extended periods of time, and not be unduly distracted by or unduly distracting to peers in a school or work setting. *Id.*

> With regard to attending and completing tasks domain, the ALJ specifically found
>
> The record reflects a history of problems concentrating secondary to ADHA. However, [N.M.M.] displayed intact/adequate attention and concentration during his psychological consultative evaluation and at the hearing (Exhibit 3F).

AR at 20.

Plaintiff opposes the ALJ's failure to reference only two examples in support of the determination that N.M.M. is less than markedly limited in this domain of functioning, Plaintiff's Memorandum at 9-10; maintaining such failure requires a remand for further explanation. Plaintiff's Reply at 1-3. Where, however, as here, the evidence in the administrative record permits the court "to glean the rationale of an ALJ's decision," the ALJ need not mention every item of testimony presented or even explain why particular evidence was considered unpersuasive or insufficient to support a conclusion of disability. *Miller v. Commissioner of Social Security*, 409 Fed.Appx. 384, 388 (2d Cir. Dec. 2, 2010) (citing *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983)). In particular, the ALJ's decision also noted Debski admitted N.M.M. could tend to his own grooming needs, including dressing and bathing. AR at 16-17. N.M.M. was earning passing grades and on track to graduate from high school that year and planned to attend college. AR at 14. N.M.M. attributed his quitting the high school football team not to an inability to attend and complete tasks, but to disagreements with the coach. *Id.* at 14. Despite Debski's reports that N.M.M. often is forgetful and has difficulty following directions, *id.* at 15, the ALJ found such assertions inconsistent with other evidence in the record, including that N.M.M.'s ADHD improved when he was compliant

with his medication, *id.*, displayed fair attention and concentration at a psychiatric evaluation on February 4, 2014, AR at 404, and N.M.M.'s biology teacher completed a teacher questionnaire on January 29, 2014, reporting N.M.M. as being in 10th grade and working at his grade level, AR at 187, and despite frequently being tardy to or skipping class, the teacher observed N.M.M. to have no problems attending and completing tasks. AR at 187, 189. Following a March 4, 2014 consultative examination, Janine Ippolito, Psy.D. ("Dr. Ippolito"), reported N.M.M. had intact and age appropriate attention and concentration, noting N.M.M. was able to count from 1 to 20, complete simple one and two-step calculations, and complete serial 3 subtraction test without error, and assessed N.M.M. as able to attend to, follow and understand age-appropriate directions, and complete age-appropriate tasks. AR at 231-35. In a childhood disability evaluation form completed March 13, 2014, by state agency psychologist C. Butensky, Psy.D. ("Dr. Butensky"), N.M.M. was assessed with intact attention, concentration, and memory, with no problems reported by the teacher when N.M.M. attends class. AR at 64-71. Such evidence is similar to that in other cases where the ALJ's determination that a claimant's limitations in the domain of attending and completing tasks was not more significant than less than marked. *See Miller*, 409 Fed.Appx. at 388 (holding ALJ was entitled to credit evidence that claimant participated in high school sports teams and maintained the required academic average to do so, the claimant's consultative teacher's report that claimant's attention span was average when redirected, a high school transcript showing the claimant was on track to graduate on time, and a high school report card including teacher comments that claimant was conscientious and attentive in class, over other evidence that claimant's limitations in several domains,

including attending and completing tasks, were more limited). Accordingly, the ALJ's determination that Plaintiff has a less than marked limitation in the domain of attending and completing tasks is supported by substantial evidence in the record.

### B.    Caring for Yourself

The domain of functioning of caring for yourself refers to how well a claimant maintains a healthy emotional and physical state, including how well the claimant meets his physical and emotional wants in appropriate ways, copes with stress and environmental changes, and cares for his own health, possessions and living area. 20 C.F.R. § 416.926a(k); SSR 09-7p, 2009 WL 396029 (Feb. 17, 2009). By high school, a student like N.M.M. is expected to feel more independent from others and be increasingly independent in all daily activities, may sometimes experience confusion regarding how he feels about himself, notice significant changes in body development that may result in anxiety or worry which may cause frustration, begin discovering appropriate ways to express both good and bad feelings, and begin thinking seriously about future plans and what to do after finishing school. 20 C.F.R. § 416.926a9k(2)(v); SSR 09-7p.

With regard to the domain of caring for yourself, the ALJ specifically found

[Debski] testified the claimant provides for his own personal care, but he sometimes has trouble getting ready. [N.M.M.] testified he takes out the trash. He also testified he has a history of tardiness to class.

AR at 23.

Plaintiff opposes the ALJ's finding that N.M.M. has a less than marked limitation in the domain of caring for yourself, arguing the ALJ ignored Debski's hearing testimony that N.M.M. had such a "terrible time" getting ready to leave the house that Debski had to

delay her own work schedule.  Plaintiff's Memorandum at 10.  Plaintiff further maintains

the ALJ ignored N.M.M.'s engaging in more serious behavior such as running away

from home, refusing to take antipsychotic medication, criminal charges and PINS status,

and fracturing his finger by punching a wall.  *Id.* at 10-11.  The record, however,

establishes the ALJ considered N.M.M.'s history of psychiatric hospitalizations,

punching a wall so hard as to fracture his finger, unilaterally discontinuing antipsychotic

and antianxiety medications, and anger issues, AR at 15-18, finding N.M.M. has some,

but less than marked, limitation in caring for himself.  AR at 23.  Although these

behaviors are indicative of a limitation in the domain of functioning of caring for yourself,

such incidents do not necessarily describe a marked limitation, SSR 09-79, and the ALJ

is permitted to consider all evidence in the administrative record in determining whether

a limitation in a particular domain is marked or extreme.  *Id.*  Significantly, in the instant

case, the ALJ also considered evidence establishing N.M.M. provided for his own

personal hygiene, AR at 15-17, and was repeatedly found upon mental health

examinations to have fair or good insight.  *Id.*  On a teacher evaluation, N.M.M.'s

biology teacher reported observing no limitations as to N.M.M.'s ability to care for

himself.  *Id.* at 17. AR at 15-16.  Dr. Butensky assessed N.M.M. as able to respond

appropriately to environmental changes, be aware of danger, and take needed

precautions, AR at 66, reporting N.M.M. is able to complete age-appropriate activities of

daily living independently, with some reminders, and observing N.M.M.'s behavior

improved after moving in with Debski following conflicts with his mother.  *Id.* at 68.  Dr.

Ippolito assessed N.M.M. with fair insight and judgment, ability to appropriately respond

to environmental changes, be award of danger and take needed precautions with no

evidence of limitations.  AR at 234.  Further, regular use of his medications helped with Plaintiff's symptoms.  AR at 231, 407.  Accordingly, the ALJ's determination that N.M.M. has only a less than marked limitation in the domain of caring for yourself is supported by substantial evidence in the record.

The substantial evidence in the record supporting the ALJ's determination that N.M.M. does not have a marked limitation in two or more domains of functioning, or an extreme limitation in at least one domain of functioning also supports the ALJ's finding that N.M.M. is not disabled.


## CONCLUSION

Based on the foregoing, Plaintiff's Motion (Dkt. 8) is DENIED; Defendant's Motion (Dkt. 14) is GRANTED.  The Clerk of Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE


DATED:        January 15, 2019
              Buffalo, New York